# In the United States Court of Federal Claims

No. 23-136

Filed: December 20, 2023

|  |  |
|---|---|
| AUGUSTIN CHERY, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |

*Augustin Chery*, *pro se*.

*Elizabeth Villarreal*, Tax Division, U.S. Department of Justice, for United States.

### OPINION AND ORDER

**MEYERS, Judge**.

Plaintiff Augustin Chery filed a *pro se* complaint, ECF No. 1, regarding Economic Impact Payments ("EIPs") made as a result of Congressional appropriations during COVID-19. In his complaint, Plaintiff alleges that while he was incarcerated, the "Comptroller violated and exceeded his authority by authorizing the offset of Plaintiff's EIP payments for child support[.]" ECF No. 1 at 2.

**I.    Background**

Congress authorized three separate EIPs throughout the COVID-19 pandemic: payment #1 for $1,200.00[1]; payment #2 for $600.00[2]; and payment #3 for $1,400.00.[3] *Id.*; ECF No. 9 at 10.  Like other payments, certain EIPs were subject to the Treasury Offset Program, which is a "centralized debt collection program administered by the U.S. Treasury Department."  ECF No.

---

[1] Authorized by the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020).

[2] Authorized by the Consolidated Appropriations Act of 2021 ("CAA"), Pub. L. 116-260, 134 Stat. 1182 (2020).

[3] Authorized by the American Rescue Plan Act of 2021 ("ARPA"), Pub. L. 117-2, 135 Stat. 4 (2021).

9 at 11 (citing *Treasury Offset Program*, Bureau of the Fiscal Service, https://www.fiscal.treasury.gov/top/). Among the debts collected by the Treasury Offset Program are certain child support payments. *Id.* Under the CARES Act, the $1,200.00 EIP could be offset against past-due child support. CARES Act § 2201(d), 134 Stat. 336. However, payments under the CAA and ARPA could not be offset for past-due child support debts. ECF No. 9 at 12 (citing CAA § 272(d)(1), 134 Stat. 1972; ARPA § 9601(c)(2), 135 Stat. 143). But, if a taxpayer claimed any of the above-mentioned credits on a 2020 or 2021 tax return as a Recovery Rebate Credit, then the credit became a part of the taxpayer's refund and was subject to offsetting past-due child support payments. *Id.*

Plaintiff filed a tax return for the 2020 and 2021 tax years during the 2021 and 2022 calendar years, respectively. ECF No. 9 at 12. Specifically, Plaintiff filed a 2020 tax return claiming the $1,200.00 EIP under the CARES Act. *Id.*; ECF No. 9-1 at 3. On October 17, 2022, the IRS posted a payment of $1,263.06 (the original credit plus interest) to Plaintiff's account. ECF No. 9-1 at 5. It was then offset against Plaintiff's past-due child support originating from Florida. *Id.* Later, on June 26, 2021, Plaintiff filed an amended 2020 tax return—this time adding a claim for the second $600.00 EIP authorized by the CAA. *Id.* at 4. Again, the IRS processed the return and posted an additional $601.38 (the original credit plus interest) and then offset that amount against his child support debt. *Id.*

The Government moved to dismiss certain claims for lack of subject matter jurisdiction regarding claims against Florida, the claim for the $1,200 EIP payment as moot, and civil rights claims. *See* ECF No. 9 at 8-9, 11-12. In his response to the Government's motion to dismiss, ECF No. 11, Plaintiff clarifies that he is only challenging the second payment ($600.00) as inappropriately offset against his outstanding child support debt in Florida. ECF No. 11 at 2; *id.* at 4 ("Plaintiff has conceded the propriety of the EIP #1 offset . . . [t]hat issue is being challenged within the State Judicial system for notice and due process violations only."); *id.* at 8 ("As EIP #3 was already dispersed timely, it is not relevant to this claim[.]"). In Plaintiff's own words, this case is "limited to the offset of EIP #2 payment of $600.00." *Id.* at 4. Therefore, only the Government's motion to dismiss for failure to state a claim remains. *See* ECF No. 9 at 10-11 (motion to dismiss the EIP #2 Payment Claim for failure to state a claim).

## II.     Legal Standard

"A motion to dismiss . . . for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the plaintiff do not entitle him to a legal remedy." *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006) (citing *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000)). As the Supreme Court has explained, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And to be "plausible on its face," it "does not need detailed factual allegations." *Twombly*, 550 U.S. at 555; *see also Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (Rule 8 "does not require the plaintiff to set out in detail the facts upon which the claim is based, but enough facts to state a claim to relief that is plausible on its face."). In other words, the complaint must contain enough detail "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron*

*Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998) (citations omitted).  Nevertheless, the Court "must assume all well-pled factual allegations are true and indulge in all reasonable inferences in favor of the nonmovant." *United Pac. Ins. Co.*, 464 F.3d at 1327-28 (quoting *Anaheim Gardens v. United States*, 444 F.3d 1309, 1314-15 (Fed. Cir. 2006)).

### III.    Discussion

Plaintiff's claim—in its simplest form—is that the IRS processed his amended 2020 tax return and posted a refund to his account in the form of a Recovery Rebate Credit instead of issuing an advanced EIP directly to him.  But, as the Government correctly argues, a taxpayer is not entitled to the choice between the two.  ECF No. 12 at 3-4 (collecting cases).  Indeed, the plain text of the CAA instructs that the "Secretary shall, subject to the provisions of this title, *refund or credit* any overpayment attributable to this subsection[.]"  26 U.S.C. § 6428A(f)(3)(A)(i) (emphasis added).  Accordingly, the statute "permits a recovery rebate to be made by advance refund, or a tax credit, or a combination of the two."  *Rahoi v. Internal Revenue Serv.*, No. 20-CV-1289-BHL, 2021 WL 2717164, at *3 (E.D. Wis. July 1, 2021) (analyzing the identical CARES Act provision); *see also Hudson v. Dep't of Treasury*, No. 1:21-CV-392, 2021 WL 5782471, at *3 (W.D. Mich. Dec. 7, 2021) ("The statutes on their face permit a recovery rebate to be made either by advance refund (i.e., a 'stimulus check'), or a tax credit, or a combination of the two.") (internal citations omitted).

Plaintiff argues that because he listed his entitlement to the $600.00 credit on his 2020 tax return, he should have received an advanced payment—not a credit on his return.  But that misses the mark.  As the Government points out, there "was no mechanism for using a tax return to claim advance payment of the tax credit as an EIP."  ECF No. 9 at 16.  Instead, if a taxpayer listed the credit on a tax return, it was processed as a request for a Recovery Rebate Credit as a part of the taxpayer's 2020 taxes.  *Id.*; *cf. Rueda v. Yellen*, No. CV ELH-20-1102, 2022 WL 684143, at *16 (D. Md. Mar. 7, 2022), *aff'd*, No. 22-1584, 2023 WL 8271939 (4th Cir. Nov. 30, 2023) ("Thus, a refundable tax credit, such as the CARES Act credit, when claimed on a taxpayer's 2020 tax return, reduces the amount of taxes owed.  And, if the credit is greater than the amount of taxes owed, the balance of the credit is refunded to the taxpayer.").  Even more, Plaintiff filed his 2020 tax return in June 2021—months after Congress discontinued the issuance of advanced payments.  26 U.S.C. § 6428A(f)(3).  Therefore, Plaintiff was only entitled to a refund credit on his 2020 tax record.

Plaintiff insists that he should be treated differently because if the payments were posted as credits to be later refunded, then they would be subject to offsetting.  But Congress did not explicitly bar that outcome.  Instead, Congress instructed the Treasury Department to issue either a refund or credit—in Plaintiff's case, Treasury issued a credit.  Unfortunately for Plaintiff, that means his credit became a refund subject to offsetting and he never saw the $600.00 payment.  *Cf. United States v. Siegfried*, No. 13-CR-00254-PAB, 2022 WL 3655343, at *2 (D. Colo. Aug. 25, 2022) ("The purposeful omission of 'credit' from the CAA demonstrates that Congress intended that only refunds not be subject to offset, rather than both refunds and credits.  Accordingly, if Mr. Siegfried received his CAA stimulus check as a credit—and the $600 withdrew was indeed an offset from that credit—then there has been no error.").  Just because Plaintiff "simply does not like the way that the IRS provided him with his economic impact payment" does not mean that he automatically has a claim for some "invasion of a legally-

protected interest." *Moffa v. Yellen*, No. 1:22-CV-00565, 2022 WL 4134738, at *4 (M.D. Pa. Sept. 12, 2022).

Assuming, *arguendo*, the Treasury Department got it wrong and Plaintiff was entitled to a $600.00 EIP in the form of an advanced payment, that possibility had passed by the time he filed his amended tax return in June 2021. As the statute makes clear, any EIP advanced payment had to be made on or before January 15, 2021. 26 U.S.C. § 6428(f)(3)(A). Thereafter Plaintiff was only entitled to a refund credit, which he has already received. *See Hudson*, 2021 WL 5782471, at *3 ("Because no further funds may be issued in the form of EIPs, Plaintiff's request for relief is moot."); *Graham v. Dep't of the Treasury Internal Revenue Serv.*, No. 22-1285, 2023 WL 3597382, at *2 n.7 (3d Cir. May 23, 2023) ("The IRS acknowledges that after December 31, 2020, the amount of the EIP is still allowable as a recovery rebate credit against a taxpayer's 2020 income tax.") (internal citations omitted); *Baxter v. United States*, No. CV 2:22-00490, 2023 WL 2418369, at *3 (S.D.W. Va. Feb. 16, 2023) (collecting cases).

In the end, Plaintiff received all he was due—a $600.00 credit to his 2020 tax year. The Treasury Department's offsetting of that refund was not improper and did not violate the enabling statute for the payments. As Plaintiff acknowledges, any potential claim regarding his notice and due process regarding the past-due Florida child support must be litigated in Florida courts. 26 U.S.C. § 6402(g).

## IV.     Conclusion

Based upon the foregoing, the Court:

- **GRANTS** the Government's motion to dismiss for failure to state a claim, ECF No. 9;

- **GRANTS** Plaintiff's motions for leave to proceed in forma pauperis, ECF Nos. 2, 8; and

- **DIRECTS** the Clerk to enter judgment accordingly.

It is so ORDERED.

s/ Edward H. Meyers  
Edward H. Meyers  
Judge
